Bissell, J.
Mrs. Englekamp made an arrangement with B. Leppel through M. Leppel who was Mrs. LeppePs husband, agent, and general manager, to collect from Mrs. Reimer in Iowa, $175. The money was collected and this suit was begun in a justice court to recover it and afterwards by appeal it went to the county court where she had judgment for the balance due, $90.15. The case was tried without a jury. The court found the facts in favor of the appellee, gave judgment accordingly, and B. Leppel appeals.
The facts which the court found being taken as true, there is scarcely a question of law presented or to be determined. There is enough in the record to support the judgment and we shall therefore assume what the court must have found in order to render it. Mrs. Reimer removed from Leadville to Iowa and was ■ Mrs. Englekamp’s debtor for about $175. It was subject to some credit but a balance remained unpaid. She went into Mrs. LeppePs business place and made an arrangement to collect the claim. Mrs. LeppePs business was conducted and carried on by her husband as her general agent and manager with full authority to do any and all things at his discretion in its management. It is quite possible that when the nature of the business is.regarded and the authority given to the agent considered this would not necessarily include the collection of money for another. The appeal is based on this principle. We do not regard it however as important or controlling because of the circumstances which attended the transaction. When Mrs. Englekamp went to the agent he assumed to do the business. He did it in the name of his principal. Mrs. Leppel was a subscriber to Bradstreet’s Agency. For the purposes of economy in the *81 collection and. to procure the information necessary to prosecute the. claim the agent examined Bradstreet’s books, procured the name of the attorney who represented that agency in the town in which Mrs. Renner lived and in B. Leppel’s name and by virtue of her subscription, sent the claim to him for collection. Tins reduced the legal fees and secured prompt and careful attention from the attorney. The attorney collected the claim. He deducted ten per cent commission, allowed the proper credits and remitted the money from time to time to B. Leppel in Leadville. The money came in several drafts. As fast as they arrived they were indorsed in B. Leppel’s name and deposited to her credit in the bank. The funds were mingled with her own, and she thereupon became chargeable as for money had and received for Mrs. Englekamp’s benefit. The money was turned over to Mrs. Englekamp with the exception of the balance which Mrs. Leppel refused to pay. The refusal was based on M. Leppel’s contention that he made the collection although he did it in the name of his wife, and that when the money was checked out of the bank in B. Leppel’s name, he took the money, charged it to himself on the books and credited himself with what he paid to Mrs. Englekamp and appropriated the balance as his part of the result. It was M. Leppel’s contention that when he took the collection from Mrs. Englekamp it was agreed between them that he should keep one half of what was collected as his compensation for his trouble and the expense in making it. The court found against him on this theory and evidently concluded that there was no agreement of that sort, and since there was no attempt on the part of Mrs. Leppel to counterclaim for her services, labor and expenditures, the court rendered judgment for Mrs. Englekamp for the sum unpaid. The judgment was right providing the court found that the agreement on which the defense relied was not made. In this conclusion the court was entirely justified because when the first drafts came which amounted to more than fifty per cent of the total sum, he turned the money over to Mrs. Englekamp, trusting entirely *82 to the success of the attorney in collecting the balance for his compensation. Mrs. Englekamp testified that the sums were paid to her by checks drawn in B. Leppel’s name which she cashed and appropriated. Of course this was denied by M. Leppel but the court found the facts against him and we must assume this statement to be true. If so, it would appear to be an entire ratification of the transaction. Mrs. Leppel having received the money and paid it out afterwards on her own checks, though drawn by her agent, must be held liable for the unpaid balance as for money had and received.
The judgment is right and must be affirmed.

Affirmed.